UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00197-FDW

| | | |
|---|---|---|
| MICHAEL A. GADDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT A. SPRAGUE; | ) | **ORDER** |
| T.E. GROSSE, II; | ) | |
| ZACHARY M. RIGGAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro se* complaint

which he filed pursuant to 42 U.S.C. § 1983 in Mecklenburg County Superior Court. The

matter was removed to this Court by the defendants based on the federal claims

presented.

Plaintiff Michael Gaddy, who is a prisoner of the State of North Carolina, filed a §

1983 complaint in Mecklenburg County Superior Court in an effort to present a claim that the

defendants, who are officers with the Charlotte-Mecklenburg Police Department ("CMPD"),

violated his Fourth Amendment rights by conducting an unlawful search and seizure, and

knowingly presented false and scandalous information to the district attorney which adversely

influenced his prosecution.

Notwithstanding the present complaint, Plaintiff has filed three § 1983 actions in this

district, that were either filed initially in this Court or removed from Mecklenburg County

Superior Court based on the § 1983 claim. All three complaints name the same defendants

and present roughly the same Fourth Amendment claim and prayer for relief. Each of the

complaints were dismissed without prejudice. See (3:13-cv-00299-RJC) (pretrial challenge to

prosecution); Gaddy v. Sprague; Riggan; Grosse, II, 3:14-cv-00156-GCM (W.D.N.C. Mar.

18, 2015), appeal dismissed, No. 15-6575 (4th Cir. May 19, 2015) (pretrial complaint

removed to this district and dismissed after summary judgment granted to defendants on ground that

Plaintiff's conviction had not been set aside and finding it improper to second guess state court

ruling on motion to suppress) (citing Heck v. Humphrey, 512 U.S. 477 (1994) and Rooker-Feldman

doctrine)); 3:15-cv-00334-FDW (dismissal for same reasons, this time complaint filed after state

judgment entered).[1]

The facts of Plaintiff's collective complaints as identified above are summarized as follows:

Plaintiff Michael Gaddy names as defendants officers with the Charlotte-
Mecklenburg Police Department ("CMPD") and alleges that the Defendants
violated his state and federal constitutional rights when conducting a search of a
hotel room where Plaintiff was present in August 2012. The search led to
Plaintiff's indictment on several drug charges by a Mecklenburg County Grand
Jury. Plaintiff filed a pretrial motion to suppress evidence that was obtained
following the search which the trial court denied following an evidentiary
hearing. Plaintiff then entered an Alford plea while expressly reserving his right
to appeal the denial of his motion to suppress. On June 26, 2013, the charges were
consolidated for judgment and Plaintiff was sentenced to a term of 70 to 93-
months' imprisonment and Plaintiff appealed to the North Carolina Court of
Appeals. On appeal, Plaintiff's sole challenge was to the legality of his sentence
although it appears that he included the suppression issue in his record on appeal.
See (3:15-cv-00334, Doc. No. 1-6 at 2). In challenging his sentence, Plaintiff
argued that the trial court erred in imposing a maximum term of 93-months
because the charges were consolidated into a Class F conviction for drug
trafficking and the sentence that was imposed should have been imposed under
the North Carolina law in force at the time of his offenses, and not the law in
effect at the time of sentencing. The court of appeals agreed, and upheld
Plaintiff's convictions, but vacated his sentence and remanded for resentencing.
See State v. Gaddy, 768 S.E.2d 64 (N.C. Ct. App. Dec. 16, 2014). According to
the website of the North Carolina Department of Public Safety, Plaintiff is
presently incarcerated in the Gaston County Correctional Institution.[2]

---

[1] The findings and conclusions from these Orders are incorporated herein.
[2] Plaintiff's appellate counsel included a copy of the state court's order denying his motion to suppress evidence
which is attached to the brief filed in the court of appeals as Appendix 1. See State v. Gaddy, No. COA14-360 (N.C.
Ct. App. May 16, 2014). The Court takes judicial notice of this order which may be accessed on the North Carolina
Court of Appeals Electronic Filing Site. See Witthohn v. Federal Ins. Co., et al., 164 F. App'x 395 (4th Cir. 2006)

(3:15-cv-334, Doc. No. 4: Order).

On or about January 25, 2016, Petitioner filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, in an effort to challenge the June 26, 2013 judgment. (3:16-cv-00045-FDW, Doc. No. 1). Therein, Plaintiff presents the same Fourth Amendment arguments that have been presented to, and rejected by the state courts. The § 2254 petition is pending.

The Court finds that because Plaintiff's state judgment has not been set aside, his present complaint – his fourth such complaint dealing with the same facts and defendants – must be dismissed under the principles of Heck v. Humphrey and the Rooker-Feldman doctrine. See Gaddy v. Sprague, et al., 3:14-cv-156-GCM (W.D.N.C. Mar. 18, 2015) (explaining doctrines).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. (Doc. No. 1-1).

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **DISMISSED AS MOOT**. (Doc. No. 3).The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: May 13, 2016

Frank D. Whitney
Chief United States District Judge

---

(unpublished) (citing cases).